# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| Diamond Comic Distributors, Inc., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Ablaze, LLC,<br><br>    Defendant. | (Jointly Administered)<br><br><br><br>Adv. Proc. No. 25-00231 (DER) |
| Ablaze, LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>Diamond Comic Distributors, Inc.,<br><br>    Counterclaim Defendant. | |

### DEFENDANT ABLAZE, LLC'S ANSWER AND COUNTERCLAIM TO DEBTOR DIAMOND COMIC DISTRIBUTORS, INC.'S COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY

Ablaze, LLC ("**Ablaze" or "Defendant"**) by and through its undersigned counsel, files this answer, affirmative defenses, and Counterclaim to the *Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property* (Dkt. No. 1) filed in the above-captioned adversary proceeding (the "**Complaint**") and responds to the allegations of the Complaint as set forth below. To the extent there is any ambiguity as to Defendant's response to a specific allegation in the Complaint, it is denied.

## NATURE OF THE ACTION

1. Admitted that Defendant and the Debtor entered into a Distribution Agreement; the remainder of the allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required the remainder of this paragraph, it is denied.

2. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies same.

3. Admitted.

4. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

5. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

6. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

7. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

## PARTIES

8. Admitted.

9. Admitted.

10. Admitted.

## JURSIDICTION AND VENUE

11. The allegations in this paragraph are conclusions of law to which no response is required.

12. The allegations in this paragraph are conclusions of law to which no response is required.

13. The allegations in this paragraph are conclusions of law to which no response is required.

14. The allegations in this paragraph are conclusions of law to which no response is required.

## BACKGROUND

15. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies the same.

16. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies the same.

17. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies the same.

18. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies same. To the extent the allegations in this paragraph reference a writing, the writing speaks for itself.

19. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies the same.

20. The allegations in this paragraph reference a writing, which speaks for itself. To the extent the allegations in this paragraph are conclusions of law, no response is required.

21. The Defendant is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies the same.

22. Admit.

23. The allegations in this paragraph are statements of law to which no response is required.

24. The allegations in this paragraph are conclusions of law to which no response is required.

25. The allegations in this paragraph are conclusions of law to which no response is required.

26. The allegations in this paragraph are conclusions of law to which no response is required.

27. The allegations in this paragraph are conclusions of law to which no response is required.

28. The allegations in this paragraph are conclusions of law to which no response is required.

29. The allegations in this paragraph are conclusions of law to which no response is required.

30. The allegations in this paragraph are conclusions of law to which no response is required.

31. The allegations in this paragraph are conclusions of law to which no response is required.

32. The allegations in this paragraph are conclusions of law to which no response is required.

33. Admit.

34. The allegations in this paragraph are conclusions of law to which no response is required.

35. The allegations in this paragraph are conclusions of law to which no response is required.

36. The allegations in this paragraph are conclusions of law to which no response is required.

## COUNT I
### Declaratory Relief Requested Pursuant to 28 U.S.C. § 2201(a) and Federal Rule of Bankruptcy Procedure 7001(b)

37. The Defendant incorporates by reference the responses in paragraphs 1 through paragraph 36 as if fully set forth herein.

38. The allegations in the paragraph constitute a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

In addition to the specific responses to the allegations raised in the Debtor's Complaint, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Debtor's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Debtor's Complaint fails on the grounds of waiver, release, or laches.

### THIRD AFFIRMATIVE DEFENSE

The Debtor's Complaint fails to the extent the relief sought is contrary to the law as established in the State of Maryland and/or under Title 11 of the United States Code.

### FOURTH AFFIRMATIVE DEFENSE

Debtor breached the relevant agreements at issue prior to any alleged breach by Defendant, for the reasons described more fully in its below Counterclaim, and by reason of such breaches, Defendant has been excused of its obligations to perform under the contracts.

### FIFTH AFFIRMATIVE DEFENSE

Debtor's claims are barred to the extent that the Debtor is estopped from seeking declaratory relief due to its prior inconsistent positions or conduct in the bankruptcy proceedings or pre-filing activities.

### SIXTH AFFIRMATIVE DEFENSE

The principles of equity in bankruptcy proceedings, including that the Debtor has unclean hands, preclude a finding that the Debtor has any ownership interest in the Stock.

### SEVENTH AFFIRMATIVE DEFENSE

The Debtor has waived its right to seek declaratory relief based on its pre-petition words, conduct, and/or representations, as well as actions taken during the bankruptcy process.

## EIGHTH AFFIRMATIVE DEFENSE

The declaratory judgment sought in the Debtor's Complaint is contrary to the fundamental purposes and policies of the bankruptcy code

## NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice to Debtor that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Complaint, or specific knowledge of actions on the part of Debtor or other related persons. Defendant hereby reserves its right to assert additional affirmative defenses as may become known to Defendant during the course of discovery.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant Ablaze, LLC, as and for its Counterclaim against the Debtor, states and alleges as follows:

## PARTIES

1. The Debtor with the last four digits of the Debtor's federal tax identification numbers is: Diamond Comic Distributors, Inc. (3450). The Debtor's mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

2. The Counter-plaintiff is a Delaware corporation with its principal place of business located at 234 5th Ave., FL 2, New York, New York 10001.

## JURISDICTION

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and Standing Order 2012-05 from the United States District Court for the District of Maryland. Pursuant to Rules 7008, 7-12(b), and 7013 of the Federal Rules of Bankruptcy Procedure and Rules 7012-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, Defendant consent to the entry of a final judgment or order with respect to this Counterclaim if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. The underlying bankruptcy proceeding was initiated on January 15, 2025, when the Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., Case No 25-10308 (Bankr. D. Md.).

6. Prior to the Debtor filing bankruptcy, the Defendant entered into an agreement with one or more of the Debtor's entities governing the terms of their shipments of the consigned "inventory" (the "Stock"), the Debtor's storage and sale of the Stock, and the payment terms governing the Debtor's obligations to pay the Defendant upon sale of the Stock.

7. At all times relevant to this Complaint, the Debtor was generally known by its creditors to be substantially engaged in selling the goods of others.

8. The Defendant paid all personal property, inventory and other taxes on the Stock at all times relevant to the Complaint.

9. The Defendant retained the risk of loss of the Stock at all times relevant to the Complaint.

10. The Defendant received and/or completed annual reports filed with the pertinent taxing authorities confirming the value of the Stock, and that the Consignors hold title thereto for purposes of tax assessments.

11. The Debtor has made continuous statements at all times relevant to the Complaint that the Stock is owned by the Defendant and not the Debtor.

12. The Debtor attached, as Exhibit A to its Complaint, a list of the "Defendant Supplied Consigned Inventory" (the "Stock List").

13. The Stock List does not differentiate between stock delivered to the Debtor prior to the petition date ("Prepetition Stock") and stock delivered to the Debtor after the petition date ("Postpetition Stock"), despite the Debtor having previously provided such information to Defendant's counsel as through a date in August 2025.

14. The differentiation between Prepetition Stock and Postpetition Stock is an important one, as the rights held by in the Stock can be reliant on its delivery date.

15. The Defendant's Prepetition Stock delivery is reflected as set forth in attached Exhibit 1.

16. The Defendant's Postpetition Stock delivery is reflected as set forth in attached Exhibit 2.

### COUNT I—Declaratory Judgment
### (The Stock is Property of the Defendant)

17. The Defendant incorporates by reference all of the proceeding paragraphs as if fully set forth herein.

18. The Debtor states in paragraph 1 of the Complaint that the Stock of the Defendant was supplied "on consignment within the meaning of § 9-102(a)(20) of the Maryland Commercial Code." See Md. Code Ann. tit. 9, § 9-102(a)(20).

19. While the Uniform Commercial Code ("UCC") typically governs the law of consignments, and Maryland has codified the UCC provisions in its Commercial Law Article, the Court's analysis must start by determining if Article 9 actually applies to the transaction at hand, and then if Article 9 does not apply, continue its analysis under Article 2.

20. The Debtor bears the burden of proof with respect to establishing that the transaction regarding the Stock falls under Article 9.

21. Section 9-102(a)(20) of the UCC defines "consignment" as:
"A transaction, regardless of its form, in which a person delivers goods to a merchant for the purpose of sale and:
　(A) the merchant:
　　(i) deals in goods of that kind under a name other than the name of the person making the delivery;
　　(ii) is not an auctioneer; and
　　(iii) is not generally known by its creditors to be substantially engaged in selling the goods of others.
　(B) with respect to each delivery, the aggregate value of the goods is $ 1,000 or more at the time of delivery;
　(C) the goods are not consumer goods immediately before delivery; and

> (D) the transaction does not create a security interest that secures an obligation.

(Uniform Commercial Code § 9-102(a)(20); (Md. Code Ann., Comm. Law, § 9-102(a)(20)

22. If a transaction fails to meet all three requirements of UCC § 9-102(a)(20), it is not governed by UCC Article 9, but instead UCC Article 2 or, if Article 2 does not apply, other applicable state law. This is true because "consignments intended for security" are excluded from the definition of "consignment" in UCC § 9-102 because they are not bailments but secured transactions, and are subject to all of the provisions of Article 9. The corollary is also true: consignments *not* intended for security are excluded from Article 9, and thus not subject to UCC § 9-319 or any other provision under Article 9.

23. The Debtor cannot meet its burden in establishing each prong of UCC § 9-102 because the Debtor is generally known by its creditors to be substantially engaged in selling the goods of others. Therefore, the Court must turn its analysis to Article 2 and other applicable state law to determine ownership of the Stock.

24. The transaction between the Defendant and Debtor falls entirely outside of the UCC provisions, including Article 2. Because UCC § 2-326 no longer makes any reference to consignments; and because the Debtor is not a "buyer" under UCC § 2-326 because title never passed to the Debtor, UCC § 2-326 could not apply and common law instead applies.

25. At all times relevant to the Complaint, Defendant retained title of the Stock.

26. At all times relevant to the Complaint, no security interest attached to the Stock.

27. At all times relevant to the Complaint, the Stock remained property of the Defendant and not property of the Debtor's bankruptcy estate.

28. The relationship between the Defendant and the Debtor is not one of bailment because the Defendant did not have the right to demand the return of the Stock absent the Debtor's default under the terms of the Distribution Agreement.

29. Because the Stock that the Debtor held pursuant to its agreement with the Debtor does not constitute a "consignment" in accordance with UCC § 9-102, Article 2 does not apply.

30. Because neither UCC Article 2 nor Article 9 applies, and under bailment law Defendant retains title to the Stock transaction throughout the transaction, the Stock is not property of the Debtor's estate and is property of the Defendant.

**WHEREFORE**, the Defendant respectfully requests that the Court enter judgment in its favor and against the Debtor on Defendant's Counterclaim, and enter an order declaring that:

1. The Stock is not subject to UCC Article 9 or Article 2 and under Maryland common law is property of the Defendant and is not property of the Debtor's estate within the meaning of 11 U.S.C. 541;

2. The Debtor has no legal or equitable interest in the Stock that is superior to that of the Defendant;

3. The Debtor may not sell or in any way dispose of the Stock;

4. Upon termination of the Distribution Agreement, the Debtor must return all Stock to the Defendant in accordance with the terms of the Distribution Agreement's termination provisions; and

5. Granting such other relief as the Court deems just and proper.

### COUNT II—Declaratory Judgment
### (The Postpetition Stock is Property of the Defendant)

31. The Defendant incorporates by reference all of the proceeding paragraphs as if fully set forth herein.

32. Bankruptcy Code § 544 provides: (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

33. Bankruptcy Code § 552 further provides that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

34. Section 552 of the Bankruptcy Code effectively narrows the scope of the rights of a § 544 hypothetical lien creditor, confirming that such prepetition lien rights do not apply to property the Debtor acquires post-petition.

35. In accordance with Bankruptcy Code § 552, neither the Debtor nor its secured lenders have any interest in the Postpetition Stock.

36. Bankruptcy Code § 544 similarly does not give the Debtor the interest of a hypothetical judgment lien creditor with respect to the Postpetition Stock.

37. The Debtor has no interest in the Postpetition Stock that the Defendant delivered postpetition other than the rights derived from the Distribution Agreement with respect to possession and sale of the Postpetition Stock.

38. If the Distribution Agreement is rejected, the Debtor has no interest in the Postpetition Stock, including no right to sell or have possession of the Postpetition Stock.

39. If the Distribution Agreement is terminated, the Debtor is required to return the Postpetition Stock to the Defendant in accordance with the termination provision in the Distribution Agreement.

**WHEREFORE**, the Defendant respectfully requests that the Court enter judgment in its favor and against the Debtor on Defendant's Counterclaim, and enter an order declaring that:

1. The Postpetition Stock is not subject to Debtor's 11 U.S.C. 544 hypothetical lien creditor interest and is therefore property of the Defendant;

2. The Postpetition Stock is not property of the Debtor's estate within the meaning of 11 U.S.C. 541;

3. The Debtor has no legal or equitable interest in the Postpetition Stock that is superior to that of the Defendant;

4. The Debtor must return all Postpetition Stock in accordance with the termination provisions set forth in the Distribution Agreement;

5. The Debtor may not sell or in any way dispose of the Postpetition Stock; and

6. Granting such other relief as the Court deems just and proper.

Dated: October 9, 2025

Respectfully submitted,

/s/ Catherine Keller Hopkin
Catherine Keller Hopkin (28257)
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0788
chopkin@yvslaw.com

Counsel for Ablaze, LLC

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 9th day of October 2025, notice of filing the foregoing Answer and Counterclaim was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

                                      /s/ Catherine Keller Hopkin
                                      Catherine Keller Hopkin

**The following parties received CM/ECF notice of the filing:**

Turner Falk, Esquire
(turner.falk@saul.com)
Counsel for Debtors
Saul Ewing LLP
1500 Market Street
Center Square West, 38th Floor
Philadelphia, Pennsylvania  19102

Jeffrey C. Hampton I, Esquire
(jeffrey.hampton@saul.com)
Counsel for Debtors
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102

Adam H. Isenberg, Esquire
(adam.isenberg@saul.com)
Counsel for Debtors
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102

Mark Minuti, Esquire
(mark.minuti@saul.com)
Counsel for Debtors
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware  19899

Jordan Rosenfeld, Esquire
(jordan.rosenfeld@saul.com)
Counsel for Debtors
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland  21202-4359

Nicholas Smargiassi, Esquire
(nicholas.smargiassi@saul.com)
Counsel for Debtors
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware  19801

Paige Noelle Topper, Esquire
(paige.topper@saul.com)
Counsel for Debtors
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware  19801

4897-4962-9807, v. 1