# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>DIAMOND COMIC DISTRIBUTORS, INC., *et al.*<br><br>Debtors. | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |
| MORGAN W. FISHER,<br>CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>- against -<br><br>ABLAZE LLC,<br><br>Defendants. | Adv. Proc. No. 25-00231-DER |

**SPARKLE POP'S RESPONSES AND OBJECTIONS TO**
**SUBPOENA TO PERMIT INSPECTION**

Pursuant to Rules 9016 and 7034 of the Federal Rules of Bankruptcy Procedure and Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Sparkle Pop LLC ("Sparkle Pop"), by and through its undersigned attorneys, hereby serves its responses and objections (the "Response") to the subpoena requesting an inspection of premises (the "Request") issued by Ablaze LLC ("Third-Party Plaintiff"), as follows:

1. Sparkle Pop objects to the Request to the extent that it is inconsistent with and/or imposes obligations beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Maryland or any other applicable rule or law.

2. Sparkle Pop objects to the Request to the extent it seeks information that may be obtained by a discovery method that is more convenient, less burdensome, or less expensive or from another witness. To that end, Third-Party Defendant has not served any interrogatories or requests for the production of documents on Sparkle Pop.

3. Sparkle Pop objects to the Request to the extent it seeks information already within the possession, control, or knowledge of any of the parties to the adversary proceeding or that are equally available to those parties.

4. Sparkle Pop objects to the Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common interest privilege, and/or any other doctrines, rules, exemptions, privileges, or immunities recognized under any applicable law. Inadvertent disclosure, if any, of documents or information subject to the attorney-client privilege, common interest privilege, and/or the attorney work product doctrine, or otherwise protected from discovery, shall not constitute a waiver of any privilege or of any other grounds for objecting to discovery of such documents, their subject matter or information contained therein, or of Sparkle Pop's right to object to the use of such documents or to otherwise seek return of the documents. Nothing contained in these Responses is intended as, nor shall they in any way be deemed, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege, exemption, protection, limitation, or immunity from disclosure.

5. Sparkle Pop objects to the Request because it is not likely to lead to discovery of evidence relevant to any claim or defense in the action. In particular, Third-Party Plaintiff purportedly seeks the inspection in order to gather evidence concerning its allegations that Sparkle Pop has overcharged for shipping and handling services with respect to consigned goods. However, counsel representing other consignors has already confirmed that Sparkle Pop's charges

are at or below industry norms. Inspection of the inventory is not likely to lead to the discovery of any relevant evidence on this point.

6. Sparkle Pop objects that the demand for inspection is unreasonable because it:

a. Would unduly compromise site security.

b. Would unduly disrupt company business.

c. Would present undue difficulties and expense in identifying and segregating out Third Party Plaintiff's inventory.

d. Is improper to the extent it seeks inspection for non-consignor items or inventory pertaining to other consignors.

e. Is not properly bounded in in time or length of inspection

f. Would cause Sparkle Pop to incur undue and unreasonable expense of compliance, that is not proportional to the evidentiary need for the Request.

7. Notwithstanding the foregoing objections, Sparkle Pop is willing to meet and confer concerning procedures and conditions under which it would permit an inspection.

8. This Response is not intended to waive, and do not constitute a waiver of, any objection that Sparkle Pop may have to the admissibility, authenticity, or relevance of any information discovered. Sparkle Pop expressly reserves all objections regarding the competency, relevance, materiality, privilege, or admissibility of any such information as evidence in any subsequent hearing, proceeding, or trial, in this or any other action. This Response is made solely for the purpose of this action.

Dated: July 22, 2026

Respectfully submitted,

/S/ JASON KORAL (PRO HAC VICE)
**PRESS KORAL LLP**
641 Lexington Avenue, 13th Floor
New York, NY 10022
Telephone: (212) 520-8270
Facsimile: (347) 342-388

*Counsel for Third-Party Defendant Sparkle Pop LLC*

/S/ JODIE E. BEKMAN
**GORDON FEINBLATT LLC**
1001 Fleet Street, Suite 700
Baltimore, MD
Telephone: (410) 576-4000
jbekman@gfrlaw.com

*Counsel for Third-Party Defendant Sparkle Pop LLC*