# EXHIBIT 2

**Bekman, Jodie**

**From:** Catherine Hopkin <chopkin@yvslaw.com>
**Sent:** Friday, August 14, 2026 10:55 AM
**To:** Bekman, Jodie
**Cc:** Jason Koral; Darby Fowler
**Subject:** [EXTERNAL] RE: Inspection notices/Meet & Confer

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Jodie,
I believe that our clients are at an impasse as to what reasonable conditions are regarding the inspection. I appreciate you getting back to me.

We will proceed accordingly.

Cate

**From:** Bekman, Jodie <jbekman@gfrlaw.com>
**Sent:** Wednesday, August 12, 2026 8:45 AM
**To:** Catherine Hopkin <chopkin@yvslaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>; Darby Fowler <DFowler@yvslaw.com>
**Subject:** RE: Inspection notices/Meet & Confer

Cate:

In response to your email below:

Sparkle Pop is not demanding "unilateral control" over who performs the inspection; rather, the parties must agree on the inspector. Further, it is perfectly reasonable for Sparkle Pop to vet anyone might enter its warehouse to assist the inspector and thus, we ask that you provide a list of those individuals.

It is further reasonable for your clients to cover the costs of the inspection including the costs to be incurred by Sparkle Pop. To avoid needless motion practice, Sparkle Pop is willing to reduce its hourly rate this one time to $639.94 which removes the rent and taxes from the breakdown previously sent. This is not an invitation to further negotiate.

While we are willing to take #7 off as a pre-requisite to inspection, Sparkle Pop reserves all rights to pursue your clients for outstanding rent and storage fees since December 2025, whether that be in the Diamond Comic bankruptcy case or in Mississippi state court, especially if the Trustee fails to comply with his obligation to do so.

Should you decide to rush to file your motion to compel, Sparkle Pop reserves all its rights and remedies.

This email constitutes a good faith effort to resolve a discovery dispute.

GORDON FEINBLATT LLC

BALTIMORE BUSINESS JOURNAL
BPtW
BEST PLACES TO WORK
2025
Gordon Feinblatt LLC

**JODIE E. BEKMAN**
*Member*
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202

410-576-4000 | 410-576-4082 (direct)
jbekman@gfrlaw.com | www.gfrlaw.com |

**From:** Catherine Hopkin <chopkin@yvslaw.com>
**Sent:** Tuesday, August 11, 2026 12:31 PM
**To:** Bekman, Jodie <jbekman@gfrlaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>; Darby Fowler <DFowler@yvslaw.com>
**Subject:** [EXTERNAL] RE: Inspection notices/Meet & Confer

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Jodie,
Thank you for your client's reply. We do want to do the inspection on consensual terms, but neither the $1,000 per hour nor the payment of rent is supported by caselaw. We view these both as complete nonstarters. The unilateral control over who performs the inspection is also something that we feel strongly is inappropriate. Any expenses claimed by Sparkle must be reasonable and significant; and they must result directly from the inspection (thus, the 30% markup, rent, insurance, etc… will not be allowed). *See, e.g., G&E Real Estate, Inc. v. Avison Young-Wa, D.C.,* LLC, 317 F.R.D. 313, 316 (D.D.C. 2016).

If we are still in agreement on items 3-6 below; and your client will accept $200 per hour as recompense for any reasonable costs expended supervising the inspection; and we are agreed that #7 is completely off the table; then I am happy to put this into a stipulation that we can file.

Otherwise, we understand your client's position and feel like we have made a good faith attempt to resolve this. We will move forward with a motion to compel and will remain open to stipulating if your client can accept these terms stated in the prior paragraph.

Please let me know by tomorrow COB if we have an agreement. Thank you for trying to resolve this.

Cate

**From:** Bekman, Jodie <jbekman@gfrlaw.com>
**Sent:** Tuesday, August 11, 2026 9:22 AM
**To:** Catherine Hopkin <chopkin@yvslaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>
**Subject:** RE: Inspection notices/Meet & Confer

Cate,

My client advises that if your clients agree to numbers 1 and 2 below, it will agree to remove number 7 as a condition of the inspection.

GORDON FEINBLATT LLC

BALTIMORE BUSINESS JOURNAL BPtW BEST PLACES TO WORK 2025 Gordon Feinblatt LLC

**JODIE E. BEKMAN**
*Member*
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202

410-576-4000 | 410-576-4082 (direct)
jbekman@gfrlaw.com | www.gfrlaw.com |

**From:** Catherine Hopkin <chopkin@yvslaw.com>
**Sent:** Monday, August 10, 2026 3:17 PM
**To:** Bekman, Jodie <jbekman@gfrlaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>
**Subject:** [EXTERNAL] RE: Inspection notices/Meet & Confer

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Jodie,
Thanks - I will discuss the breakdown of the $1,000 charge with my clients.

Here are responses, below, regarding the other items. Please let me know if we are in agreement on these (or any of them) so we can continue to work on this. If we can't figure out a consensual basis for inspection by 8/13, I will need to move ahead with a motion to compel. That being said,

I am hopeful and committed to exploring whether we can reach agreement on this.

Thank you,
Cate

1. The inspection shall be conducted by Shawn Hamrick and any assistants need to be pre-approved by Sparkle Pop on behalf of the members of the Ad Hoc Consignment Group; We don't see a reason why Sparkle should have unilateral control over who inspects, since they have the right to accompany the inspector. That say, we can agree that none of the publishers will be attending, and if Sparkle has concerns about someone in particular, you can let us know. Is there a list of individuals you are concerned about?

2. The inspection shall be conducted at the sole cost and expense of these Ad Hoc Consignment Group Members. Sparkle Pop shall not be responsible for contributing to the expense for the inspection. The Ad Hoc Consignment Group Members shall pay Sparkle Pop $1,000.00 per hour (escrowed in advance) for the time-period in which the inspection is being conducted to compensate Sparkle Pop for its costs and expenses incurred to make the Warehouse available for the inspection; I am discussing the breakdown with my client and I will get back to you on this item.

3. The inventory count for the inspection shall be a basic cycle count (i.e., a general inventory count by carton), and not a unit count where each singular unit is counted; Okay, but we reserve the right to seek further inspection if this is insufficient with regard to any discrepancies we note.

4. The inspection shall be completed no later than 10 business days from commencement of the inspection (the start date to be agreed upon by the parties) and no more than one, 8-hour shift per day. The inspection shall be conducted only after business hours or 5:00 p.m. Central Time; This should be okay and we will confirm with Shawn if he is the inspector.

5. Sparkle Pop shall not be required to stage the Consigned Inventory for the inspection; This is okay as long as they provide location numbers. If the location numbers do not permit us to engage in a customary inspection then we reserve the right to seek further inspection and/or ask the court to require that the goods be segregated.

6. No materials shall be removed from the Warehouse during the inspection. Inspection to be strictly limited to Third-Party Plaintiff's consigned inventory. The goods will not be segregated, Sparkle Pop will provide location numbers; and Ok.

7. An agreement is in place with the Trustee to pay Sparkle Pop the rent and processing fees it is owed. The administrative rent claims that Sparkle Pop alleges (and which we view are solely claims against the debtor's estate) have nothing to do with the inspection. While we would like to keep an open dialogue as to these type of issues that are still outstanding, this will not be part of the agreement as to any inspection (and we do not believe that the judge would require this, either).

**From:** Bekman, Jodie <jbekman@gfrlaw.com>
**Sent:** Monday, August 10, 2026 2:20 PM
**To:** Catherine Hopkin <chopkin@yvslaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>
**Subject:** RE: Inspection notices/Meet & Confer

Cate,

Attached please find the requested breakdown.

**JODIE E. BEKMAN**
*Member*
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202

410-576-4000 | 410-576-4082 (direct)
jbekman@gfrlaw.com | www.gfrlaw.com |

**From:** Catherine Hopkin <chopkin@yvslaw.com>
**Sent:** Friday, August 7, 2026 10:28 AM
**To:** Bekman, Jodie <jbekman@gfrlaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>
**Subject:** [EXTERNAL] RE: Inspection notices/Meet & Confer

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Jodie,
Thanks. Let me take this to my group and see what they say.

Regarding the $1,000 per hour - I have not had a case where the party subject to inspection receives any recompense unless it requires something extraordinary (i.e. burdensome) with regard to cost.

Can you help me understand what this fee is covering? If you are asking for minimum wage on an hourly basis so Sparkle can have someone walking with Shawn during the inspection, I can at least explain that to my group. Please help me provide some detail on this item.

Thank you,
Cate

**From:** Bekman, Jodie <jbekman@gfrlaw.com>
**Sent:** Thursday, August 6, 2026 6:15 PM
**To:** Catherine Hopkin <chopkin@yvslaw.com>
**Cc:** Jason Koral <jkoral@presskoral.com>
**Subject:** Inspection notices/Meet & Confer

Cate,

Below please find the terms and conditions under which Sparkle Pop will agree to an inspection of the consigned inventory:

1. The inspection shall be conducted by Shawn Hamrick and any assistants need to be pre-approved by Sparkle Pop on behalf of the members of the Ad Hoc Consignment Group;

2. The inspection shall be conducted at the sole cost and expense of these Ad Hoc Consignment Group Members. Sparkle Pop shall not be responsible for contributing to the expense for the inspection. The Ad Hoc Consignment Group Members shall pay Sparkle Pop $1,000.00 per hour (escrowed in advance) for the time-period in which the inspection is being conducted to compensate Sparkle Pop for its costs and expenses incurred to make the Warehouse available for the inspection;

3. The inventory count for the inspection shall be a basic cycle count (i.e., a general inventory count by carton), and not a unit count where each singular unit is counted;

4. The inspection shall be completed no later than 10 business days from commencement of the inspection (the start date to be agreed upon by the parties) and no more than one, 8-hour shift per day. The inspection shall be conducted only after business hours or 5:00 p.m. Central Time;

5. Sparkle Pop shall not be required to stage the Consigned Inventory for the inspection;

6. No materials shall be removed from the Warehouse during the inspection. Inspection to be strictly limited to Third-Party Plaintiff's consigned inventory. The goods will not be segregated, Sparkle Pop will provide location numbers; and

7. An agreement is in place with the Trustee to pay Sparkle Pop the rent and processing fees it is owed.

Please get back to me with your clients' response.

This email constitutes a good faith effort to resolve a discovery dispute.

GORDON FEINBLATT LLC

**JODIE E. BEKMAN**
*Member*
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202

410-576-4000 | 410-576-4082 (direct)
jbekman@gfrlaw.com | www.gfrlaw.com |

BALTIMORE BUSINESS JOURNAL
BPtW
BEST PLACES TO WORK
2025
Gordon Feinblatt LLC

The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.