IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:

| | | |
|---|---|---|
| DIAMOND COMIC DISTRIBUTORS, INC., et al.[1]<br><br>Debtors | *<br>*<br>* | Jointly Administered under<br>Case No: 25-10308-DER<br>(Chapter 11) |

* * * * * * * * * * * *

| | | |
|---|---|---|
| MORGAN W. FISHER, CHAPTER 7 TRUSTEE<br><br>Plaintiff | * | |
| v. | * | Adv. Proc. No: 25-00231-DER |
| ABLAZE, LLC | * | |
| Defendant. | * | |

* * * * * *

| | | |
|---|---|---|
| ABLAZE, LLC<br><br>Counterclaimant and Third-Party Plaintiff | * | |
| v. | * | |
| JPMORGAN CHASE BANK, N.A., and SPARKLE POP, LLC | * | |
| Third-Party Defendants | * | |

* * * * * * * * * * * *

CONSENT MOTION TO MODIFY THE SCHEDULING ORDER

Defendant and Third-Party Plaintiff, Ablaze, LLC, ("Third-Party Plaintiff"), , by their undersigned counsel, and pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), files this Consent Motion to Modify the Scheduling Order. In support of the Motion, the Third-Party Plaintiff states:

Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).

2. The relief requested herein is pursuant to Federal Rule of Civil Procedure 16(b)(4) made applicable through Bankruptcy Rule 7016.

<u>Background</u>

3. The Debtors commenced the underlying Bankruptcy Case on January 14, 2025 (the "Petition Date"), by the filing of voluntary petitions under Chapter 11 of Title 11 of the United States Code in the Baltimore Division of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

4. Prior to the Petition Date, the Debtor and the Third-Party Plaintiff entered into a distribution or supply agreement for the Debtor's distribution of certain products of Third-Party Plaintiff, such as comic books, graphic novels, novels, games, and merchandise in certain territories.

5. On May 1, 2025, an Order was entered by the Bankruptcy Court: (i) Approving Asset Purchase Agreement (the "Purchase Agreement") by and among the Debtors and Sparkle Pop, LLC, a Delaware limited liability company ("Sparkle Pop"), and the other parties thereto, (ii) Approving Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and other Interests; (iii) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief (the "Sparkle Pop Sale Order"). [Main Case Dkt. No. 407].

6. Pursuant to the Sparkle Pop Sale Order, goods held by Debtors on consignment (i.e., Consigned Inventory) were excluded from the Purchase Agreement.

7. On May 15, 2025, the Debtors and Sparkle Pop closed on the transactions contemplated by the Purchase Agreement and the Sparkle Pop Sale Order.

8. Prior to the Petition Date, and thereafter, the Debtors (and/or Sparkle Pop if after May 15, 2025 -- i.e., closing of the Purchase Agreement) received Consigned Inventory, which Consigned Inventory is currently stored at the Debtors' former distribution facility in Olive Branch, Mississippi (the "Warehouse").

9. Following the approval of sale transactions, and in connection with the closing of the Purchase Agreement, and pursuant to the Sparkle Pop Sale Order, Sparkle Pop and

the Debtors entered into a Transition Services Agreement, dated May 15, 2025 (the "TSA"), that, among other things, addressed warehousing, systems access, consigned goods handling, and related transition services with respect to the Consigned Inventory.

10. On September 9, 2025, the Debtor initiated an adversary proceeding against the Third-Party Plaintiff to determine its interest in the Third-Party Plaintiff's Consigned Inventory. [Dkt. No. 1].

11. On October 23, 2025, the Third-Party Plaintiff filed its Third-Party Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property (the "Third-Party Complaint") against Third-Party Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Sparkle Pop. [Dkt. No. 7].

12. On December 19, 2025, the Court entered an Order converting the underlying chapter 11 bankruptcy case to Chapter 7. [Main Case Dkt. No. 1089].

13. On February 25, 2026, Morgan W. Fisher, Chapter 7 Trustee (the "Trustee"), was substituted as the Plaintiff in place of the Debtor pursuant to Fed.R.Bankr.P. 2012(a). [Dkt. No. 25].

14. On March 4, 2026, the Third-Party Plaintiff, Trustee, JPMorgan, and Sparkle Pop (the "Parties") filed their Joint Rule 26(f) Report, including a proposed discovery schedule. [Dkt. No. 27].

15. On March 9, 2026, this Court entered a Scheduling Order and Rule 26(f) Report Approval establishing, among other things, the discovery deadlines in this case. [Dkt. No. 28].

16. The Parties have engaged in discovery and settlement discussions.

17. On August 5, 2026, the Third-Party Plaintiff, along with other similarly situated consignors and Morgan W. Fisher, Chapter 7 Trustee, filed a Joint Motion to Approve Settlement Pursuant to Fed.R.Bankr.P. 9019(a) (Trustee and Ad Hoc Consignment Group) in the underlying bankruptcy case (the "Proposed Settlement"). [Main Case Dkt. No. 1309].

18. If approved, the Proposed Settlement is anticipated to resolve the claims that the Trustee brought against the Third-Party Plaintiff, which are the subject of this adversary

proceeding. Approval of the Proposed Settlement will also resolve the counterclaims brought by the Third-Party Plaintiff against JPMorgan.

19. Regardless of whether the Proposed Settlement is approved, additional discovery remains necessary to resolve the counterclaims that will remain and will still be pending as between Third-Party Plaintiff and Sparkle Pop, including discovery concerning Third-Party Plaintiff's Consigned Inventory, the disposition and sale of such inventory, the proceeds thereof, the status of Consigned Inventory remaining at the Warehouse, and related matters.

20. If the Proposed Settlement is not approved, the parties will need to move forward with an amended scheduling order.

21. Contrarily, and as is more fully set forth in the Proposed Settlement, because the success of the counterclaims against Sparkle Pop will potentially increase funds available for the Trustee to distribute to the Debtor's creditors; and because those counterclaims will not be resolved by the Proposed Settlement; the Third-Party Plaintiff contends that the third-party counterclaims against Sparkle Pop will proceed in the above-captioned Adversary. This Motion is made without waiver of Sparkle Pop's right to contest the continuance in this Court of the Third-Party Complaint litigation.

22. The Parties have consented to the revised deadlines set forth in the proposed Order Granting Consent Motion to Modify the Scheduling Order attached hereto as **Exhibit A** (the "Modified Scheduling Order").

23. The requested changes in the Modified Scheduling Order will provide the Parties sufficient time to complete the remaining discovery, will not prejudice any Party, and will not affect any trial date because no trial date has yet been established.

<u>Relief Requested</u>

24. By this Motion, Third-Party Plaintiff respectfully requests that the Court, pursuant to Bankruptcy Rule 7016 and Federal Rule of Civil Procedure 16(b)(4), modify the Scheduling Order to establish the revised discovery deadlines set forth in the proposed Modified Scheduling Order attached as Exhibit A.

Basis for Relief

25. Bankruptcy Rule 7016 incorporates Rule 16 of the Federal Rules of Civil Procedure (the "Federal Rules"). Pursuant to Federal Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

26. Good cause exists to modify the Scheduling Order. Since entry of the Scheduling Order, the Parties have diligently engaged in discovery while also pursuing settlement discussions concerning substantial portions of the claims at issue in this proceeding. Those efforts culminated in the filing of the Proposed Settlement between the Trustee and the Ad Hoc Consignment Group, of which Third-Party Plaintiff is a member.

27. Although approval of the Proposed Settlement is anticipated to resolve the issues involving the Trustee and JPMorgan, additional discovery remains necessary concerning the claims and defenses that remain at issue, namely Third-Party Plaintiff's claims against Sparkle Pop. Certain deadlines established by the Scheduling Order have passed, and the requested modification is necessary to permit the Parties to complete the remaining discovery and otherwise proceed in accordance with the revised schedule.

28. The requested modification has been agreed to by all Parties, will provide sufficient time to complete the necessary remaining discovery, and will not prejudice any Party. No trial date has been established, and the requested modification therefore will not disrupt any scheduled trial or otherwise materially delay these proceedings.

29. Accordingly, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order as requested.

WHEREFORE, Ablaze, LLC, with the consent of the Trustee, JPMorgan Chase Bank, N.A. and Sparkle Pop, LLC, respectfully requests that this Court enter the proposed Order attached hereto as Exhibit A modifying the Scheduling Order and granting such other and further relief as the Court deems appropriate.

Dated: September 15, 2026

Respectfully submitted,

/s/ Catherine Keller Hopkin

Catherine Keller Hopkin, 28257
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0788
chopkin@yvslaw.com

Counsel for the Third-Party Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 15th day of September 2026, notice of filing the Consent Motion to Modify the Scheduling Order was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

/s/ Catherine Keller Hopkin

Catherine Keller Hopkin

**The following parties received CM/ECF notice of the filing:**

Corinne Donohue Adams, Esquire
(cadams@yvslaw.com)
Counsel for Defendant
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401

Jodie E. Bekman, Esquire
(jbekman@gfrlaw.com)
Counsel for Third-Party Defendant
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202

Katherine Elizabeth Culbertson, Esquire
(katherine.culbertson@troutman.com)
Counsel for Third-Party Defendant
Troutman Pepper Locke LLP
111 South Wacker Drive, Suite 4200
Chicago Illinois 60606

Zvi Guttman, Esquire
(zvi@zviguttman.com)
Chapter 7 Trustee
The Law Offices of Zvi Guttman, P.A.
P. O. Box 32308
Baltimore, Maryland 21282

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Counsel for Defendant
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401